IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01579-BNB

CHRIS JOHNSON,
    Applicant,

v.

MR. MILYARD, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,
    Respondents.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 20 2007

GREGORY C. LANGHAM
                    CLERK

ORDER OF DISMISSAL

Applicant Chris Johnson is a prisoner in the custody of the Colorado Department of Corrections at the Sterling Correctional Facility at Sterling, Colorado. Mr. Johnson initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the validity of his 1989 conviction in Jefferson County District Court case number 89CR601. In an order filed on August 14, 2007, Magistrate Judge Craig B. Shaffer ordered Mr. Johnson to show cause why the action should not be dismissed as barred by the one-year limitation period in 28 U.S.C. § 2244(d). On September 11, 2007, Mr. Johnson filed his response to the show cause order.

The Court must construe the application and the response to Magistrate Judge Shaffer's order to show cause liberally because Mr. Johnson is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will deny the application and dismiss the action.

As noted above, Mr. Johnson was convicted in 1989 in the Jefferson County District Court. He was convicted of aggravated motor vehicle theft and he was sentenced to eight years in prison. After the judgment of conviction was affirmed, the Colorado Supreme Court denied Mr. Johnson's petition for writ of certiorari on direct appeal on March 16, 1992. Mr. Johnson alleges that in 2006 he filed a postconviction Rule 35(c) motion challenging the validity of his conviction in 89CR601. He also alleges that he filed another postconviction motion in 2006. The proceedings relevant to the Rule 35(c) motion were pending in state court until June 25, 2007, when the Colorado Supreme Court again denied a petition for writ of certiorari. The Court received the instant action for filing on July 16, 2007.

As Magistrate Judge Shaffer noted in his order to show cause, the instant action is subject to the one-year limitation period in 28 U.S.C. § 2244(d). That statute provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made

2

> retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

    Magistrate Judge Shaffer first determined that Mr. Johnson's conviction became final before the one-year limitation period was enacted into law on April 24, 1996. Magistrate Judge Shaffer also determined that the one-year limitation period began to run on April 24, 1996, when the one-year limitation period was enacted into law, because Mr. Johnson does not allege that he was prevented by unconstitutional state action from filing this action sooner, he is not asserting any constitutional rights newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, and he knew or could have discovered the factual predicate for his claims at the time he was sentenced. Finally, Magistrate Judge Shaffer determined that the one-year limitation period expired before Mr. Johnson filed the postconviction motions in 2006 because Mr. Johnson does not allege that any postconviction motions were pending in state court between April 24, 1996, and 2006.

    In his response to Magistrate Judge Shaffer's show cause order, Mr. Johnson argues that this action is timely because it was filed within one year after the Colorado Supreme Court denied his petition for writ of certiorari on June 25, 2007. As discussed

3

above, June 25, 2007, is the date on which the Colorado Supreme Court denied Mr. Johnson's petition for writ of certiorari in connection with his postconviction Rule 35(c) motion. However, the one-year limitation period does not begin to run upon conclusion of state court postconviction proceedings. Instead, the one-year limitation period begins to run in accordance with the provisions of § 2244(d)(1). In the instant action, Magistrate Judge Shaffer correctly determined that the one-year limitation period began to run on April 24, 1996, when the one-year limitation period was enacted into law, because all of the possible starting dates in § 2244(d)(1) precede April 24, 1996. **See Hoggro v. Boone**, 150 F.3d 1223, 1225 (10th Cir. 1998). Mr. Johnson does not allege that any postconviction proceedings were pending in state court between April 24, 1996, and the 2006 dates on which he filed his postconviction motions. Therefore, Mr. Johnson's habeas corpus application is barred in the absence of some other reason to toll the one-year limitation period.

The one-year limitation period in § 2244(d) is not jurisdictional and may be tolled for equitable reasons in appropriate extraordinary situations when circumstances beyond a prisoner's control make it impossible to file the habeas corpus application on time. **See Miller v. Marr**, 141 F.3d 976, 978 (10th Cir. 1998). In addition, equitable tolling would be appropriate if the inmate is actually innocent or if the inmate actively pursues judicial remedies but files a defective pleading within the statutory period. **See Gibson v. Klinger**, 232 F.3d 799, 808 (10th Cir. 2000). Simple excusable neglect is not sufficient to support equitable tolling. **See id.** Furthermore, equitable tolling is appropriate only if the inmate pursues his or her claims diligently. **See Miller**, 141 F.3d

4

at 978. Finally, Mr. Johnson bears the burden of demonstrating that equitable tolling is appropriate in this action. **See id.**

The Court has reviewed Mr. Johnson's response to Magistrate Judge Shaffer's show cause order and finds that he fails to demonstrate the existence of any circumstances beyond his control that prevented him from filing a timely habeas corpus application. Therefore, the Court finds that equitable tolling is not appropriate and that the instant action is barred by the one-year limitation period. Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is dismissed because it is barred by the one-year limitation period in 28 U.S.C. § 2244(d).

DATED at Denver, Colorado, this __19__ day of __Sept.__, 2007.

BY THE COURT:

_____
ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-01579-BNB

Chris Johnson
Prisoner No. 51659
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 9/20/07

                                    GREGORY C. LANGHAM, CLERK

                        By: _____
                                      Deputy Clerk